FILED
SEP 30 2020
U.S. DISTRICT COURT
SUPPRESSED EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:20CR00613 SRC/SPM |
| v. ) | |
| ) | |
| STEPHEN P. LAWRENCE, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

## COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term:

   (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(a));

   (b) "sexually explicit conduct" to mean actual or simulated

   (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex,

   (ii) bestiality,

   (iii) masturbation,

   (iv) sadistic or masochistic abuse, or

(v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. § 2256(2)(A)); and

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. § 2256(6)).

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. § 2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. Between on or about March 14, 2020, and on or about June 2, 2020, in the Eastern District of Missouri, and elsewhere,

**STEPHEN P. LAWRENCE**

the defendant herein, did knowingly receive image files and video files of child pornography using any means and facility of interstate and foreign commerce, to wit the defendant knowingly received image files and video files of child pornography via the internet, to include but not limited to the following:

a. a video file depicting an adult penis penetrating the vagina of a prepubescent girl who

      appears to be under the age of ten year and who is wearing a pink mask. This file name contains the terms "fuck her long and hard;"

b. a video file depicting a prepubescent girl who appears to be under the age of 10 years with her mouth and hand on an adult penis. The file name of this video contains the terms "The best little cock sucker;"

c. a video file depicting a prepubescent girl who appears to be under the age of 5 years being vaginally penetrated by an adult male penis and identified as "Untitled 4."

in violation of 18 U.S.C. § 2252A(a)(2).

## **FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1.    Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth in Count 1 of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2.    Specific property subject to forfeiture includes, but is not limited to, the following:

      a.    Hewlett-Packard Laptop Computer S/N: CND92243PR,
      b.    ASUS VivoBook Laptop Computer S/N: J3N0CX15V216138,
      c.    Toshiba Internal Hard Drive S/N: 18L7PQ0FTSWFHDKCB88E0A01T;
      d.    Western Digital Hard Drive S/N: WXF1A9KENN1;
      e.    USB Device S/N: AA0000000030&0;

   f. SanDisk Cruzer USB Device S/N: 200350018107AB527962&0;
   g. SanDisk Ultra USB S/N: 4C530001281005114563&0;
   h. General USB Flash Drive USB Device S/N: OR20200122000474&0; and
   i. Lexar USB Flash Drive USB Device S/N: 2NETOV6075SYDHQPCGJ6&0.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

               A TRUE BILL.

               _____
               FOREPERSON

JEFFREY B JENSEN
United States Attorney

_____
JILLIAN S. ANDERSON, #53918(MO)
Assistant United States Attorney
jillian.anderson@usdoj.gov